1  Nina Rabin, AZ Bar #025246
2  Workers' Rights Clinic
3  James E. Rogers College of Law, Univ. of Arizona
4  1145 N. Mountain Ave.
5  Tucson, AZ 85719
6  Telephone: (520) 621-9206
7  Fax: (520) 626-5233
8  rabin@email.arizona.edu
9
10  Attorney for Plaintiffs Albino Cardenas and Marina Hernandez
11
12                    **UNITED STATES DISTRICT COURT**
13                           DISTRICT OF ARIZONA
14
15  _____
16                                                    )
17  ALBINO CARDENAS AND MARINA HERNANDEZ                )
18                                                    )  Case No. _____
19        Plaintiffs,                                 )
20                                                    )
21        v.                                          )  COMPLAINT FOR
22                                                    )  VIOLATIONS OF THE FAIR
23                                                    )  LABOR STANDARDS ACT
24  THOMAS MONGAN, JR., THOMAS MONGAN, SR., AND         )  AND ARIZONA MINIMUM
25  IRONGATE MEADOWS, LTD.                              )  WAGE AND WAGE
26                                                    )   PAYMENT LAWS
27                                                    )
28        Defendants.                                 )
29  _____)
30

31                           **<u>INTRODUCTION</u>**

32    1.  This is an action by Plaintiffs Albino Cardenas (hereinafter "Mr. Cardenas"), and

33        Marina Hernandez (hereinafter "Ms. Hernandez") (hereinafter together referred to

34        as "Plaintiffs") against their former employers, Thomas Mongan, Jr., Thomas

35        Mongan, Sr., and Irongate Meadows, Ltd. (hereinafter together referred to as

36        "Defendants").

37    2.  Mr. Cardenas and Ms. Hernandez were employed by Defendants for

38        approximately eight years and three years, respectively, at a private home located

1

1        at 2600 N. Camino Cascabel, Tucson, Arizona 85749. During the last five months

2        of their employment, they worked hundreds of hours and received no

3        compensation whatsoever for their labor.

4   3.  Plaintiffs bring this action in order to recover damages arising out of Defendants'

5        willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et

6        seq., Arizona's Wage Payment Law, A.R.S. § 23-350, et seq., and Arizona's

7        Minimum Wage Law, A.R.S. § 23-362, et seq.

8   4.  Specifically, Plaintiffs seek remedies for non-payment of wages, including

9        liquidated, compensatory and punitive damages, prejudgment interest, and costs

10       and attorneys' fees, as provided by law.

11

12                 **JURISDICTION AND VENUE**

13   5.  This complaint alleges causes of action under the Fair Labor Standards Act, 29

14       U.S.C. § 201 et seq. Accordingly, this Court has jurisdiction pursuant to 28 U.S.C

15       § 1331. This complaint also alleges causes of action under Arizona state laws that

16       arise out of the same set of operative facts as the federal cause of action.

17       Accordingly, this Court has supplemental jurisdiction over the state claims

18       pursuant to 28 U.S.C. § 1367(a).

19   6.  Venue is proper in the District of Arizona under 28 U.S.C. § 1391(b) and (c),

20       because Defendants conduct business in this District and because Defendants

21       failed to pay Plaintiffs wages for services performed in Arizona.

22

23

**PARTIES**

7.  Plaintiff Albino Cardenas is an individual who, at all times relevant to the instant action, was and is a resident of Pima County in the State of Arizona.

8.  Plaintiff Marina Hernandez is an individual who, at all times relevant to the instant action, was and is a resident of Pima County in the State of Arizona.

9.  Mr. Cardenas was an employee of Defendants for approximately eight years, until March 2015.  He worked as a gardener and caretaker for the residence at 2600 N. Camino Cascabel, Tucson, Arizona 85749.

10. Ms. Hernandez was an employee of Defendants for approximately three years, until March 2015.  She worked as a housekeeper for the residence at 2600 N. Camino Cascabel, Tucson, Arizona 85749.

11. Defendant Irongate Meadows, Ltd is a limited liability company located at 2394 E. Camelback Rd, Phoenix, Arizona 85016. For all periods relevant hereto, Irongate Meadows, Ltd was the lawful owner of the residence at 2600 N. Camino Cascabel, Tucson, Arizona 85749.

12. Defendant Thomas Mongan, Sr., is a natural person who resides at 10220 Carriage Trail, Cincinnati, Ohio 45236. He is a member and manager of Irongate Meadows, Ltd. He exercised control over Plaintiffs by providing the funds with which they were paid throughout their employment, and by approving their work hours.

13. Defendant Thomas Mongan, Jr., is a natural person who is a resident of Pima County. He is the son of Defendant Thomas Mongan, Sr., and resided at the residence at 2600 N. Camino Cascabel, Tucson, Arizona 85749 throughout the

1    period of Plaintiffs' employment. He acted as the employer for the Plaintiffs by

2    directly supervising their work, setting their hourly schedules, overseeing payroll,

3    reviewing their hourly records, and telling them what rooms to clean or areas to

4    repair.

5

6                                    **FACTUAL ALLEGATIONS**

7    14. Mr. Cardenas and Ms. Hernandez were employed by Defendants to provide

8        services for the residence located at 2600 N. Camino Cascabel, Tucson, Arizona

9        85749.

10   15. Mr. Cardenas worked for Defendants from approximately 2008 until March 2015.

11       Ms. Hernandez worked for Defendants for several months in 2010, and then again

12       from approximately 2013 until March 2015.

13   16. Throughout their employment, Mr. Cardenas was responsible for gardening,

14       maintenance, yard work, and manure transportation, and Ms. Hernandez was

15       responsible for house cleaning. They worked different shifts every week.

16   17. Throughout their employment, Plaintiffs were directly supervised by Thomas

17       Mongan, Jr., who trained them, dictated their schedules, set their hourly wages,

18       provided their compensation, instructed them on how to carry out their job duties,

19       and reviewed their hourly records.

20   18. At the outset of Mr. Cardenas's employment, Defendants agreed to pay him an

21       hourly wage of $20.00 per hour, with the exception of time devoted to manure

22       delivery, for which they agreed to pay him $130 per delivery.

1    19. At the outset of her employment, Defendants agreed to pay Ms. Hernandez an

2         hourly wage of $15.00 per hour.

3    20. Mr. Cardenas and Ms. Hernandez were paid at these rates monthly and via check

4         for the work they completed through October 2014. Payment for their work was

5         made by Mr. Mongan, Sr., who deposited the funds into an account held by Mr.

6         Mongan, Jr., who then wrote checks and hand delivered them to Mr. Cardenas.

7    21. Mr. Cardenas worked multiple days per week at 2600 N. Camino Cascabel

8         Tucson, Arizona 85749 from November 2014 through March 2015 on a schedule

9         dictated by Defendant Thomas Mongan, Jr. He did not receive any wages for

10        these hours.

11   22. Mr. Cardenas completed 13 manure deliveries between September 2014 and

12        March 2015. He was paid only $20 each for the three deliveries that took place

13        during September 2014, despite the fact that he was promised $130 per delivery

14        and had received this amount in the past.  The deliveries took him approximately

15        3 hours to complete.  He did not receive any payment whatsoever for the ten

16        deliveries made between October 2014 and March 2015.

17   23. Ms. Hernandez worked one day per week November 2014 through March 2015

18        on a schedule dictated by Defendant Thomas Mongan, Jr. She was not paid any

19        wages for the hours she worked during this time.

20   24. Defendants did not provide documentation of Plaintiffs' wages or hours upon

21        request by Plaintiffs' counsel and failed to accurately maintain these records.

22   25. On numerous occasions following their first missed pay period in November

23        2014, Plaintiffs contacted Defendant Thomas Mongan, Jr. to request their unpaid

1       wages. Defendant Thomas Mongan, Jr. stated that they should contact his father,

2       Defendant Thomas Mongan, Sr. Plaintiffs did so, but Defendant Thomas Mongan,

3       Sr. refused to pay the wages owed to them in full.

4    26. Defendants willfully ignored the possibility that federal and state law required

5       their employees to be paid the minimum wage.

6    27. By willfully failing to timely pay wages due or to pay the minimum wage,

7       Defendants enjoyed ill-gained profits at the expense of the Plaintiffs.

8    28. All defendants have been, at all times relevant hereto, Plaintiffs' employers within

9       the meaning of the FLSA, 29 U.S.C. § 203(d) and A.R.S. §§ 23-350, 362 and are

10      jointly and severally liable to Plaintiffs for violations of their rights under the

11      FLSA and Arizona law.

12

13                    **<u>FIRST CLAIM FOR RELIEF:</u>**

14   **FAILURE TO PAY THE MINIMUM WAGE AND FAILURE TO MAINTAIN**

15   **RECORDS IN VIOLATION OF THE FLSA, 29 U.S.C. § 201 *et seq.***

16    29. Plaintiffs hereby re-allege and incorporate by reference the preceding paragraphs

17       as if they were set forth again herein.

18    30. Section 206 of the FLSA, 29 U.S.C. § 206(a)(1)(C), establishes the right of

19       employees to receive a wage that is not less than $7.25 per hour.

20    31. Section 211 of the FLSA, 29 U.S.C. § 211(c), requires employers to maintain

21       records of the hours worked and wages earned by their employees.

22    32. From September 2014 through March 2015, Defendants paid Mr. Cardenas less

23       than $7.25 per hour, in violation of 29 U.S.C. § 206(a)(1)(C).

33. From November 2014 through March 2015, Defendants paid Ms. Hernandez less than $7.25 per hour, in violation of 29 U.S.C. § 206(a)(1)(C).

34. Defendants did not maintain accurate records of Plaintiffs' hours worked or wages earned, as required by 29 U.S.C. § 211(c).

35. Defendants acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA.

36. Because Defendants' violations of the FLSA demonstrated reckless disregard for the requirements of FLSA, their violations of FLSA were willful.

37. Mr. Cardenas and Ms. Hernandez have been harmed as a result of Defendants' violations of the FLSA. They have suffered financial damage and emotional distress due to Defendants refusal to pay them as required by FLSA.

38. Based on the foregoing and pursuant to 29 U.S.C. § 216(b), Mr. Cardenas and Ms. Hernandez seek unpaid wages at the required legal rate for all of their working hours during the relevant time period, liquidated damages, prejudgment interest, attorneys' fees and litigation costs, and all other costs and compensatory and punitive damages allowed by law.

## SECOND CLAIM FOR RELIEF:

**FAILURE TO PAY THE MINIMUM WAGE AND FAILURE TO MAINTAIN RECORDS IN VIOLATION OF THE ARIZONA MINIMUM WAGE ACT, A.R.S. 23-362** *et seq.*

39. Plaintiffs hereby re-allege and incorporate by reference the preceding paragraphs as if they were set forth again herein.

40. The Arizona Minimum Wage Act, A.R.S. §§ 23-363(A), (B), establishes the minimum wage that employers in Arizona must pay to their employees.

41. Section 23-364(D) of the Minimum Wage Act, A.R.S. § 23-364(D) requires employers to maintain records of their employees' wages earned and hours worked for four years and establishes a rebuttable presumption that the employer did not pay the minimum wage if the employer fails to maintain such records.

42. Section 23-364(D) further requires that the employer permit the employee, or his or her representative to "inspect and copy" payroll records upon request.

43. Defendants paid Mr. Cardenas less than the applicable minimum wage for his hours worked at 2600 N. Camino Cascabel Tucson, Arizona 85749 from November 2014 through March 2015.

44. Defendants paid Mr. Cardenas less than the applicable minimum wage for his manure delivery trips from November 2014 through March 2015

45. Defendants paid Ms. Hernandez less than the applicable minimum wage for her hours worked at 2600 N. Camino Cascabel Tucson, Arizona 85749 from November 2014 through March 2015.

46. Defendants failed to maintain records of Plaintiffs' wages and hours or to disclose those records when they were requested by Plaintiffs' representative.

47. Defendants' failure to maintain accurate payroll records for the Plaintiffs raises the rebuttable presumption that the Plaintiffs were not paid the minimum wage. A.R.S. § 23-364(D).

48. Defendants were willful in that they demonstrated reckless disregard for the requirements of the Act.

49. Plaintiffs have been harmed as a result of Defendants' violations of the Act, including loss of earnings and emotional distress, all of which will be proven at trial.

50. Based on the foregoing and pursuant to A.R.S. § 23-364, Mr. Cardenas and Ms. Hernandez seek unpaid wages at the required legal rate for all of their working hours during the relevant time period, double damages, prejudgment interest, attorneys' fees and litigation costs, and all other costs, penalties and damages allowed by law.

## **THIRD CLAIM FOR RELIEF:**

**FAILURE TO MAKE TIMELY WAGE PAYMENTS IN VIOLATION OF ARIZONA'S WAGE PAYMENT LAWS, A.R.S. § 23-350 *et seq.***

51. Plaintiffs hereby re-allege and incorporate by reference the preceding paragraphs as if they were set forth again herein.

52. A.R.S. § 23-351(C)(3) requires that employers pay all wages due, including overtime wages, no later than sixteen days after the most recent pay period.

53. Between September 2014 and March 2015, Defendants failed to make timely wage payments to Mr. Cardenas as mandated by the Arizona Wage Payment Law A.R.S. § 23-351(C)(3).

54. Between September 2014 and March 2015, Defendants failed to make timely wage payments to Ms. Hernandez as mandated by the Arizona Wage Payment Law A.R.S. § 23-351(C)(3).

1    55. Mr. Cardenas and Ms. Hernandez have been harmed as a result of the Defendants'

2         violation of A.R.S. § 23-351(C)(3), including loss of earnings and emotional

3         distress, which will be proven at trial.

4    56. Based on the foregoing, Mr. Cardenas, and Ms. Hernandez seek treble damages

5         pursuant to A.R.S. § 23-355(A).

6

7                              **PRAYER FOR RELIEF**

8    ***WHEREFORE, Plaintiff Mr. Cardenas respectfully requests that this Court:***

9         A.      Award Mr. Cardenas damages for unpaid minimum wage, plus liquidated

10    damages in an equal amount, plus compensatory and punitive damages as provided

11    by the FLSA, 29 U.S.C. § 216(b), and interest, in an amount to be determined at trial;

12        B.      Award Mr. Cardenas twice the full amount of wages owed in violation of

13    Arizona's Minimum Wage Act, as provided by A.R.S. § 23-364(G), and interest, in

14    an amount to be determined at trial, and assess civil penalties pursuant to A.R.S. § 23-

15    364(F);

16        C.      Award Mr. Cardenas three-times the full amount of wages owed, as

17    provided by A.R.S. § 23-355(A), and interest, in an amount to be determined at trial;

18        D.      Award attorneys' fees and costs to Mr. Cardenas for legal services

19    provided by the University of Arizona pursuant to 29 U.S.C. § 216(b), A.R.S. § 12-

20    341 et seq.;

1    E.      Grant such additional and further relief as the Court deems just and

2    proper.

3

4    ***WHEREFORE, Plaintiff Ms. Hernandez respectfully requests that this Court:***

5    A.      Award Ms. Hernandez damages for unpaid minimum wage, plus

6    liquidated damages in an equal amount, plus compensatory and punitive damages as

7    provided by the FLSA, 29 U.S.C. § 216(b), and interest, in an amount to be

8    determined at trial;

9    B.      Award Ms. Hernandez twice the full amount of wages owed in violation

10   of Arizona's Minimum Wage Act, as provided by A.R.S. § 23-364(G), and interest,

11   in an amount to be determined at trial and assess civil penalties pursuant to A.R.S. §

12   23-364(F);

13   C.      Award Ms. Hernandez three-times the full amount of wages owed, as

14   provided by A.R.S. § 23-355(A), and interest, in an amount to be determined at trial;

15   D.      Award attorneys' fees and costs to Ms. Hernandez for legal services

16   provided by the University of Arizona pursuant to 29 U.S.C. § 216(b), A.R.S. § 12-

17   341 et seq.;

18   E.      Grant such additional and further relief as the Court deems just and

19   proper.

20

1

2                            **<u>DEMAND FOR JURY TRIAL</u>**

3        Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to

4        which they have a right to jury trial.

5

6    Tucson, AZ

7    November 4, 2015

8

9                                          Respectfully submitted,

10

11                                  BY: _____/s/_____

12                                        Nina Rabin

13                                        Attorney for Plaintiffs